**Charles James SEAL, Administrator of Succession of Benton Lee Seal, Plaintiff,**

v.

**PIPELINE, INC., Defendant.**

**Ray W. BRELAND, Jr., Intervenor-Appellant,**

v.

**Morris BART, III, and John M. Robin, Appellees.**

No. 83–3213

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Feb. 13, 1984.

Ray W. Breland, Jr., Bogalusa, La., pro se.

Morris Bart, III, New Orleans, La., for Bart.

Leonard A. Radlauer, New Orleans, La., for Robin.

Before GEE, POLITZ and JOHNSON, Circuit Judges.

POLITZ, Circuit Judge:

This is an appeal from an award of attorneys' fees. We do not reach the merits for we are obliged to dismiss the appeal for failure of compliance with Fed.R.Civ.P. 58.

tive forum was substantially more convenient; conditional dismissal preserved plaintiff's rights and remedies).

*Hanson v. Town of Flower Mound,* 679 F.2d 497 (5th Cir.1982).

Benton Lee Seal, injured while working as a seaman, brought suit under the Jones Act and general maritime law. Before and after suit was filed he retained, seriatim, three different attorneys, Messrs. Breland, Bart and Robin. Each retainer agreement Seal signed provided for a contingency fee of 40%. Robin ultimately negotiated a $225,000 compromise settlement. Seal died before the question of attorneys' fees could be resolved.

The attorneys were unable to agree on apportionment of a fair fee and the matter was referred to a magistrate. After a hearing the magistrate recommended a payment of $7,500 to Breland, $11,700 to Bart and $70,800 to Robin. The district court issued an order, which was entered in the minutes, approving the magistrate's findings and directing a fee distribution as recommended. This order was not set forth in the separate writing required by Fed.R. Civ.P. 58. Breland appealed the order; Robin challenged the jurisdiction of this court because Rule 58 was not complied with.

Rule 58 requires that "[e]very judgment shall be set forth in a separate document" and "is effective only when so set forth." The rule is not absolute. In *Bankers Trust Co. v. Mallis,* 435 U.S. 381, 385, 98 S.Ct. 1117, 1120, 55 L.Ed.2d 357 (1978), the Supreme Court held that the Second Circuit properly assumed jurisdiction of an appeal from an order of dismissal, despite the lack of a separate judgment, when the order was "the final decision in the case" and the appellee "did not object to the taking of the appeal in the absence of a separate judgment." *Id.* at 387–88, 98 S.Ct. at 1121. The Court concluded that "[u]nder these circumstances, the parties should be deemed to have waived the separate-judgment requirement of Rule 58." *Id.* at 388, 98 S.Ct. at 1121.

Following *Mallis,* we reconsidered a line of contrary jurisprudence and held that "we may take jurisdiction of an appeal from a 'final decision' under § 1291, even though no separate judgment has been entered, when the parties fail to raise the issue." *Hanson v. Town of Flower Mound,* 679 F.2d at 501. In doing so we specifically noted that "this decision does not change the law [requiring the separate document] when the appellee does object to the failure to enter the judgment as a separate judgment." *Id.* at 502. In the case before us there is no separate judgment and the appellee objects.

*Hanson v. Town of Flower Mound* mandates a dismissal. Should a new appeal be taken after compliance with Rule 58, it may be submitted to this court without further briefing. *See Taylor v. Sterrett,* 527 F.2d 856 (5th Cir.1976).

DISMISSED.