In the Matter of Joe Ben
COLLEY, Debtor.

Joe Ben COLLEY, Plaintiff-Appellant,

v.

WEST TEXAS WHOLESALE SUPPLY,
Defendant-Appellee.

In the Matter of Joe Ben
COLLEY, Debtor.

Joe Ben COLLEY, Plaintiff-Appellant,

v.

NATIONAL BANK OF TEXAS,
Defendant-Appellee.

Nos. 86–1625, 86–1626.

United States Court of Appeals,
Fifth Circuit.

June 8, 1987.

Eric R. Borsheim, Austin, Tex., for plaintiff-appellant.

Mark S. Summers, Baker & Price, Austin, Tex., for defendant-appellee West Texas Wholesale Supply.

Douglas J. Powell, B. Weldon Ponder, Coffee, Goldston & Ponder, Austin, Tex., for defendant-appellee Nat. Bank of Texas.

ON PETITIONS FOR REHEARING AND SUGGESTION FOR REHEARING EN BANC

Before GEE, REAVLEY, and JONES, Circuit Judges.

PER CURIAM:

In his Petitions for Rehearing, Colley again asserts that Bankruptcy Rule 9021 and Federal Rule of Civil Procedure 58 require us to consider his appeal on the merits, because the judgment of the bankruptcy court allowing the claims of West Texas Wholesale Supply and National Bank of Texas was never embodied in a separate judgment. Once more, we decline to do so.

The sole purpose of the separate document rule is to definitively establish when the time for appeal begins to run. *Bankers Trust Co. v. Mallis*, 435 U.S. 381, 385, 98 S.Ct. 1117, 1120, 55 L.Ed.2d 357 (1978). No such issue of timeliness exists in this case. Colley could have asked for the entry of a separate judgment in the bankruptcy court and filed an appeal from that judgment within 30 days. Instead, he chose to move for 11 U.S.C. § 502(j) reconsideration by the bankruptcy court, and has based his appeal to the district court and now this court on the denial of that motion. Both our opinion and that of the district court are framed in terms of this denial of reconsideration. It was not until shortly before oral argument that Colley, in a supplemental brief to this court, decided that his appeal was really on the merits of the underlying bankruptcy court order.

It is clear that the separate document requirement can be waived. *Bankers Trust Co. v. Mallis*, 435 U.S. at 387, 98 S.Ct. at 1121; *Hanson v. Town of Flower Mound*, 679 F.2d 497, 502 (5th Cir.1982). By moving for reconsideration under § 502(j) and appealing to the district court and this court based on the denial of that motion, rather than seeking the entry of a separate judgment on the prior Memorandum Opinion and Order and filing a notice of appeal based on it, Colley has waived his

right to a separate judgment and therefore to review on the merits of the underlying order. For us to hold otherwise would mean that Colley could now return to the bankruptcy court, demand the entry of a separate judgment, file a new notice of appeal based on it, and thus further prolong a dispute that is already over seven years old.

The petitions for rehearing are DENIED and no member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc (Federal Rules of Appellate Procedure and Local Rule 35) the Suggestion for Rehearing En Banc is DENIED.