**In the Matter of SEISCOM DELTA, INC., Debtor.**

**SEISCOM DELTA INC., Appellant,**

**v.**

**TWO WESTLAKE PARK, Appellee.**

No. 88–2368
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Oct. 14, 1988.

James R. O'Donnell, M. Susan Hardie, Houston, Tex., for appellant.

Baker & Botts, John Zavitsanos, J. Vince Hightower, Houston, Tex., for appellee.

Before POLITZ, JOHNSON and SMITH, Circuit Judges.

JERRY E. SMITH, Circuit Judge:

We are called upon today to determine whether the district court was correct in holding that the appellant did not timely appeal from an order of the bankruptcy court. Concluding that the appeal was timely, we reverse and remand.

## I.

Appellant Seiscom Delta Inc. ("Seiscom") filed a voluntary Chapter 11 bankruptcy petition under 11 U.S.C. § 101 *et seq.* on September 25, 1986. At that time, it was the lessee under a lease agreement for office space with Two Westlake Park ("Two Westlake"). In April 1986, Seiscom defaulted on its rental payment obligation, began negotiating for reduced rental payments, and unilaterally began making reduced monthly payments.

On the day the Chapter 11 petition was filed, a Seiscom officer telephoned a Two Westlake representative, advised him of the filing, and informed him that Seiscom intended to reject its lease. On November 12, 1986, Two Westlake filed a motion to enforce timely payment of rental obligations pursuant to 11 U.S.C. § 365(d)(3). Seiscom filed a request for hearing and an objection, claiming that Seiscom's September 25 notification resulted in the nonapplicability of section 365(d)(3)'s requirement that the debtor pay the rental due under its lease *until rejection,* with the consequence that Seiscom owned Two Westlake rent only as an administrative claim for the actual use and occupancy of the premises.

The bankruptcy court conducted a hearing on Two Westlake's motion on January 9, 1987. On February 20, 1987, the bankruptcy court entered a five-page opinion captioned "Order To Enforce Timely Payment of Rental Obligations of Two Westlake Park." The opinion recites the facts of the case and contains a two-page discussion, with citation to legal authorities, of the court's legal reasoning. The court concluded that as a matter of law, Seiscom had not rejected the lease, reasoning that such a rejection may not be effected by implication but only by formal motion. The February 20 opinion, which was entered on the docket on March 19, 1987, concluded as follows:

> It is therefore:
>
> ORDERED that the Debtor within 20 days of entry hereof pay Two Westlake Park the sum of $145,218.91, this sum being the amount due under the terms of the lease for the period of September 25, 1986, to November 24, 1986, pursuant to 11 U.S.C. § 365(d)(3).

Seiscom asserts that on or about April 8, 1987, it first learned, from Two Westlake's counsel, of the entry of the opinion and did not receive a copy from the clerk until about April 22. On April 28, it filed a Motion for Entry of Final Judgment, asserting that the February 20 opinion did not satisfy the requirements of Fed.R.Civ. P. 58 in that it was not set forth "on a separate document." With its motion, Seiscom tendered a proposed "Final Judgment."

On July 11, 1987, the bankruptcy court filed, unsigned, Seiscom's proposed final judgment. Below the blank signature line, the bankruptcy judge · wrote and initialed the following:

> Motion for entry denied. Previous order at [Docket] # 158 final and appealable.[1] See BR 6006(a), BR 9014, BR 8002, and *Rosenberg v. Huffron*, 131 F₂ 80 (9th Cir.1942) [sic]

L.Z.T.

7/11/87

On July 23, 1987, Seiscom filed a notice of appeal to the district court from the July 11 order (which order was formally entered on July 17). On April 14, 1988, the district court entered a four-page "Judgment" holding that the February 20, 1987, order was final and appealable as of the date of its entry and that Seiscom's notice of appeal hence was untimely. Thus, the district court concluded that it "will not consider the merits of this case." Seiscom brings the instant appeal from the district court's April 14 judgment.

## II.

■■ We hold that Seiscom was not required to appeal from the February 20, 1987, order, because Seiscom objected to the fact that the order was not "set forth on a separate document" as required by rule 9021(a).[2] The Advisory Committee Note to rule 9021(a) emphasizes that the rule is "derived from Rule 58 F.R.Civ.P." We look, then, to interpretations of rule 58 in applying rule 9021(a). Two Supreme Court cases instruct our consideration: *United States v. Indrelunas*, 411 U.S. 216, 93 S.Ct. 1562, 36 L.Ed.2d 202 (1973) (per curiam), and *Bankers Trust Co. v. Mallis*,

435 U.S. 381, 98 S.Ct. 1117, 55 L.Ed.2d 357 (1978) (per curiam).

In *Indrelunas*, the district court, following a jury trial, made a civil docket entry reciting the jury verdict forms and stating "Enter judgment on the verdicts. Jury discharged." Many months later, on motion of the losing party, the court entered judgment, from which that party appealed. The court of appeals held that the notice of appeal was untimely because the original docket notation was a final, appealable judgment.

The Supreme Court reversed on the ground that the judgment "was not recorded on a separate document." 411 U.S. at 221, 93 S.Ct. at 1564. The Court called for a strict reading of rule 58 and rejected the notion of "a case-by-case tailoring of the 'separate document' provision." *Id.* at 221, 93 S.Ct. at 1565. Most significantly, the Court added the following:

> [Rule 58] is, as Professor Moore states, a 'mechanical change' that must be mechanically applied in order to avoid new uncertainties as to the date on which a judgment is entered.

*Id.* at 221–22, 93 S.Ct. at 1565.

This holding was refined in *Mallis*, decided five years later. There, the losing party had appealed from a lengthy, combined opinion and order. Both parties proceeded on the assumption that the opinion/order was a final, appealable judgment, and upon motion the court filed a subsequent rule 54(b) certificate directing the entry of final judgment. The Supreme Court agreed with the court of appeals' holding that the court of appeals had jurisdiction to consider the merits of the appeal despite the lack of a separate-document judgment. *See Mallis*

---

**1.** The district court's subsequent "Judgment" mistakenly transcribes "appealable" as "applicable."

**2.** Rule 9021(a), later amended effective August 1, 1987, read, as applicable herein, as follows:

Subject to the provisions of Rule 54(b) F.R. Civ.P.: (1) on a general verdict of a jury, or on a decision by the court that a party shall recover only a sum certain or costs or that all relief shall be denied, the clerk, unless the court otherwise orders, shall forthwith prepare, sign and enter the judgment without

awaiting any direction by the court; (2) on a decision by the court granting other relief, or on a special verdict or a general verdict accompanied by answers to interrogatories, the court shall promptly approve the form of the judgment, and the clerk shall thereupon enter it. Every judgment entered in an adversary proceeding or contested matter shall be set forth on a separate document. A judgment is effective when entered as provided in Rule 5003. Entry of the judgment shall not be delayed for the taxing of costs.

*v. F.D.I.C.*, 568 F.2d 824, 827 n. 4 (2d Cir.1977), *cert. dism'd*, 435 U.S. 381, 98 S.Ct. 1117, 55 L.Ed.2d 357 (1978).

The Court reasoned that "it could not have been intended that the separate-document requirement of Rule 58 be such a categorical imperative that the parties are not free to waive it." 435 U.S. at 384, 98 S.Ct. at 1119–20. Thus, the Court drew a careful distinction between (i) the court of appeals' *jurisdiction* to entertain an appeal where the parties obviously waived the separate-document requirement by considering the judgment final, and (ii) cutting off a party's right to appeal where the party has not waived the separate-document requirement.

As to the question of jurisdiction where there has been waiver, the Court remarked as follows:

> Certainty as to timeliness ... is not advanced by holding that appellate jurisdiction does not exist absent a separate judgment. If, by error, a separate judgment is not filed before a party appeals, nothing but delay would flow from requiring the court of appeals to dismiss the appeal. Upon dismissal, the district court would simply file and enter the separate judgment, from which a timely appeal would then be taken. Wheels would spin for no practical purpose.... The need for certainty as to the timeliness of an appeal ... should not prevent the parties from waiving the separate judgment requirement where one has accidentally not been entered.

*Id.* at 385–86, 98 S.Ct. at 1120–21 (footnote omitted).

The Court in *Mallis* noted three factors as the bases for its decision: First, that "the District Court clearly evidenced its intent that the opinion and order ... would represent the final decision in the case"; second, that "a judgment of dismissal was recorded in the clerk's docket"; and, most importantly, third, that *"petitioner did not object to the taking of the appeal in the*

absence of a separate judgment." *Id.* at 387–88, 98 S.Ct. at 1121 (emphasis added).

Although disavowing any implication in *Indrelunas* that there can be no appellate jurisdiction under 28 U.S.C. § 1291 absent a separate rule 58 judgment,[3] *Mallis* reaffirmed the holding of *Indrelunas* as it affects our decision today. *Mallis* addresses specifically the dilemma faced by Seiscom in the instant case. Citing *Indrelunas*, 411 U.S. at 220–22, 93 S.Ct. at 1564–65, the Court noted in *Mallis:*

> The separate document requirement was thus intended to avoid the inequities that were inherent when a party appealed from a document or docket entry that appeared to be a final judgment ... only to have the appellate court announce later that an earlier document or entry had been the judgment and dismiss the appeal as untimely. The 1963 amendment to Rule 58 made clear that a party need not file a notice of appeal until a separate judgment had been filed and entered....
> In [*Indrelunas*], we recognized that the separate-document rule must be 'mechanically applied' in determining whether an appeal is timely.... Technical application of the separate-judgment requirement is necessary in that context to avoid the uncertainties that once plagued the determination of when an appeal must be brought....

435 U.S. at 385–86, 98 S.Ct. at 1120–21.

Under both *Indrelunas* and *Mallis*, the February 20 order cannot be considered appealable under rule 58. Importantly, it does not meet the third test of *Mallis*—the lack of objection to the taking of the appeal despite the absence of a final judgment. Specifically to the contrary, Seiscom, shortly after learning of the entry of the order, moved for entry of a separate final judgment in conformance with rule 58.[4]

Two Westlake notes, correctly, that in *Mallis* the Court did not specifically hold that *all three* factors are needed in order

---

**3.** 435 U.S. at 386 n. 7, 98 S.Ct. at 1120 n. 7.

**4.** The second requirement of *Mallis* is that a judgment of dismissal be recorded in the clerk's docket. No entry to that effect appears in the

clerk's docket here: The only entry recites the name of the document and describes it briefly, but there is no indication that it constitutes a judgment of dismissal.

to waive rule 58 in all cases. Thus, Two Westlake asserts that rule 58 "might be considered waived when the circumstances indicate that finality is warranted ...: [rule] 58 cannot be used to undermine the validity of a decision when it is apparent that *the requirements of the rule were not insisted upon by the parties following the rendition of judgment.*"

We agree with this observation and do not find it necessary to hold that the Supreme Court has set in concrete the three factors all of which must be present for waiver of the separate judgment requirement. We do hold, however, that the party that would have benefited from a strict application of rule 58—presumably, in most cases, the appellant—must be shown to have acquiesced, consciously or indifferently, in the waiver of what otherwise must be a "mechanically applied" rule.

Here, Seiscom patently did not so acquiesce, but timely insisted upon its right to have rule 58 applied "mechanically."[5] As the Court noted in *Mallis*, rule 58 should be interpreted to serve the purposes of parties in the posture of Seiscom:

'[I]t must be remembered that the rule is designed to simplify and make certain the matter of appealability. It is not designed as a trap for the inexperienced.... The rule should be interpreted to prevent loss of the right of appeal, not to facilitate loss.'

*Id.* at 386, 98 S.Ct. at 1121 (quoting 9 J. Moore, *Moore's Federal Practice* ¶ 110.08[2] at 119.20 (2d ed. 1970)). *Accord, Townsend v. Lucas,* 745 F.2d 933, 934 (5th Cir.1984).

■ In this regard, *Indrelunas* and *Mallis* are fully compatible, and we conclude that both should be read, where reasonably possible, to protect the right of appeal: Where the parties have assumed appealability, or have overlooked the question of appealability, and where it is clear that the district court has intended a final, appeal-able judgment, mechanical application of the separate-judgment rule should not be used to require the pointless formality of returning to the district court for ministerial entry of judgment; instead, the right to immediate appeal is favored (per *Mallis*).[6] Where, on the other hand, as here, a party is severely prejudiced by lack of entry of a judgment because it is unclear whether a final judgment has indeed been entered, rule 58 should be applied mechanically (per *Indrelunas*) to favor the right of appeal by allowing the party in jeopardy to appeal from the separate-document judgment once one has been entered. The common thread, therefore, between *Indrelunas* and *Mallis* is that both must be applied in such a way as to favor the right to appeal.

Subsequent to *Mallis*, we addressed these considerations in *Hanson v. Town of Flower Mound,* 679 F.2d 497 (5th Cir.1982). There, the district court had entered an order reciting "that this action is dismissed in its entirety with prejudice"; no separate final judgment was ever entered. *Sua sponte*, we considered the question of appellate jurisdiction. Significantly, we noted the "difference between requiring strict compliance with the rule to avoid unfair loss of the right to appeal and requiring strict compliance when the district court's decision is final under § 1291 and the decision has been appealed within the time limits set by Rule 4...." *Id.* at 500. This was but another way of stating the principle, set forth above, that rule 58 should be applied, where reasonably possible, to favor the right to appeal.

■ In *Hanson*, we then concluded that we are free to take jurisdiction of an appeal "when the parties fail to raise the issue" of the separate-document rule. *Id.* at 501.[7] But in so doing, we reiterated the maxim that disposes conclusively of the instant appeal:

---

5. *See Seal v. Pipeline, Inc.,* 724 F.2d 1166, 1167 (5th Cir.1984) (where party objects, there is no final judgment under rule 58).

6. *See Louisiana World Exposition v. Logue,* 746 F.2d 1033, 1039 (5th Cir.1984).

7. *Accord, Nagle v. Lee,* 807 F.2d 435, 441–42 (5th Cir.1987).

... First, *Indrelunas* is still the law. *See Mallis,* 435 U.S. at 386 & n. 7 [98 S.Ct. at 1120 & n. 7].... If an appellant files his notice of appeal from a final judgment within the prescribed time after the entry of the judgment as a separate document, his appeal cannot be defeated by the argument that his time to appeal began to run from the entry of some earlier decision, opinion, or order.

Second, this decision does not change the law when the appellee does object to the failure to enter the judgment as a separate document.

Third, it remains the better practice to have the judgment entered as a separate document.... If an appellant realizes that a final judgment has not been entered, or that there may be some doubt about it, he should take steps to obtain the entry of a certain final judgment, and then file a new notice of appeal.

*Id.* at 502 (footnotes and citations omitted). The recommended steps are precisely the ones which Seiscom took in the case now before us.[8] We hold, therefore, that Seiscom was not required to file a notice of appeal from the order of February 20, 1987.

### III.

The foregoing analysis considers non-bankruptcy cases construing Fed.R.Civ.P. 58. Similarly to rule 58, Bankruptcy Rule 9021 requires that "Every judgment entered in an adversary proceeding or contested matter shall be set forth on a separate document."[9] Two Westlake asserts, and the district court concluded, that the requirements of finality are less strict in the bankruptcy context than for other cases. We disagree.

As noted *supra*, the Advisory Committee Note makes it clear that rule 9021 is derived from rule 58. This court has treated the two rules *in pari materia. See, e.g., In re Colley,* 814 F.2d 1008, 1011 n. 2 (5th Cir.), *cert. denied,* —— U.S. ——, 108 S.Ct. 234, 98 L.Ed.2d 193 (1987). *See also id.,* 818 F.2d 443, 444 (5th Cir.1987) (on petition for rehearing) (mentioning rules 58 and 9021 and pointing out that appellant could have asked for the entry of a separate judgment in the bankruptcy court and filed an appeal from that judgment within 30 days).

The district court, however, asserts that "[t]he concept of finality for purposes of appellate jurisdiction has consistently been reviewed in a more pragmatic and less technical way in bankruptcy cases than in other situations." We find no support for that proposition in the plain wording of rule 9021 or in any of our decisions.

The district court relies only upon three opinions from the Third Circuit. In *In re Amatex Corp.,* 755 F.2d 1034 (3d Cir.1985), the debtor and one creditor appealed an order declining to appoint a representative for future creditors. The court of appeals held that it had jurisdiction to entertain the appeal because the order was a "final decision of the district court[ ]" under 28 U.S.C.

---

**8.** Two Westlake seizes upon the fact that *Hanson* calls for the filing of a "new" (i.e., presumably a second) notice of appeal and argues that Seiscom is late because it never filed a first notice of appeal from the February 20 order. But Two Westlake's argument would defeat the import of *Indrelunas,* the point of which is that parties are not required to file notices of appeal from judgments that are not set forth on separate documents and cannot be penalized if they fail to do so. Under *Indrelunas,* it is clear that in *Hanson* the appellants did not have to appeal from the original order but could have insisted upon their right to have it entered as a final judgment, then filed their first (and only) notice of appeal from that separate-document judgment.

Two Westlake argues that Seiscom, which failed to notice an appeal from the original order, should not enjoy the benefits of *Hanson.* It is true that Seiscom almost fell victim to the rule that a party that fails to receive a mailed copy of a final judgment must still appeal within the prescribed period. Here, it is saved by the maxim that a party cannot be prejudiced by the failure to receive a copy of an order that does not comply with rule 58. Seiscom is rescued from the clerical error by *Indrelunas* and *Hanson.* But its right to that rescue is undeniable: "[A] party need not file a notice of appeal until a separate judgment has been filed and entered." *Mallis,* 435 U.S. at 385, 98 S.Ct. at 1120.

**9.** This identical language appears in the rule both before and after its amendment effective August 1, 1987.

§ 1291. Thus, the opinion speaks only to the jurisdiction of the court of appeals as it relates to the type of order being reviewed; the court was not presented with, and did not address, the separate-document principle of rule 58. Hence, *Amatex* is inapposite.

In *Pacor, Inc. v. Higgins,* 743 F.2d 984 (3d Cir.1984), the court reviewed the district court's remand to state court of part of a bankruptcy proceeding. The analysis was based upon the "collateral order" doctrine of *Cohen v. Beneficial Indus. Loan Corp.,* 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). The case has nothing to do with the running of the time for appeal under rule 58. *In re Comer,* 716 F.2d 168 (3d Cir.1983), like *Amatex,* considers only which classes of orders are reviewable and, while concluding, *id.* at 171, that finality in bankruptcy cases can be interpreted more broadly, does not address rule 58, rule 9021, or the separate-document requirement.

■ We hold, contrary to the decision of the district court, that the separate-document requirement of rule 9021 is identical to that of rule 58. Effective August 1, 1987, rule 9021 was amended to make this even clearer: It now reads, "Except as otherwise provided herein, Rule 58 F.R.Civ. P. applies in cases under the [Bankruptcy] Code. Every judgment entered in an adversary proceeding or contested matter shall be set forth on a separate document." This amendment confirms that rule 9021 has always been intended to be read *in pari materia* with rule 58:

> The 1987 amendments to Rule 9021 shortened and simplified the rule dramatically by incorporating Rule 58 F.R. Civ.P., and eliminating former subdivisions (b) and (c).

> The reasons for the changes in the rule are quite clear. Rather than repeating all of Rule 58, revised Rule 9021 just adopts it. Other procedures formerly contained in Rule 9021 are contained in revised Rule 5003.

9 L. King, *Collier on Bankruptcy* ¶ 9021.02[2] at 9021–3 (15th ed.1987).[10]

The Collier treatise makes it manifest that the February 20 order does not satisfy rule 9021:

> An opinion is not itself a judgment, even though it contains conclusions of fact or of law, and foreshadows how the judge intends to dispose of the case. An opinion is the embodiment of the court's reasons for a judgment that normally is to follow. Because there was confusion prior to the amendment of Federal Rule 58 as to what was an operative judgment, an additional element is now required under Rule 58 (and under Bankruptcy Rule 9021(a)) to constitute an effective judgment—the judgment must be set forth in writing on a separate document. Thus, the problem as to whether an opinion of the court contained the elements of a judgment, or whether some later separate statement of the court was needed before the clerk could validly enter judgment was substantially eliminated. *Now a statement tacked on at the end of an opinion, that could formally qualify as a judgment, is part of the opinion and not properly a judgment until set forth on a separate document.*

> \*   \*   \*   \*   \*   .   \*

> Rule 9021 does not track exactly the language of Rule 58 of the Federal Rules of Civil Procedure. The latter states, in part, that 'a judgment is effective only when so set forth [on a separate document].' Even though Rule 9021 omits '[a] judgment is effective only when so set forth,' *the bankruptcy courts have construed Rule 9021 as having the same meaning as Rule 58. Federal court decisions strictly construing the separate document requirement have been adopted by the bankruptcy courts.*

9 *Id.* ¶¶ 9021.03–.04 at 9021–3 through 9021–5 (footnotes omitted, emphasis added). Patently, the separate-document requirement was not satisfied in this case.

## IV.

■ Having concluded that the February 20, 1987, order did not comply with rules 58

<hr/>

**10.** Rule 9021(a), as it read prior to August 1,    1987, is applicable to this case. *See supra* n. 2.

and 9021, we next must determine whether the bankruptcy court ever did enter an order from which Seiscom could appeal to the district court. As noted *supra*, the bankruptcy court on July 11, 1987, filed its statement denying Seiscom's motion for entry of a separate judgment. Seiscom filed a notice of appeal from that order.

In this circuit, "an order refusing to enter judgment is appealable." *State Nat'l Bank v. United States*, 488 F.2d 890, 893 (5th Cir.1974). "[S]uch an order is a 'final decision' and not interlocutory because the district judge *regards* it as final. He believes he has already entered a valid judgment; he intends to have nothing further to do with the case." *Id.* (emphasis in original). Hence, we hold that Seiscom filed a timely notice of appeal, to the district court, from a final judgment of the bankruptcy court.

### V.

Ironically, we must now *sua sponte* examine our own jurisdiction over this appeal.[11] Surprisingly, the district court never filed a rule 58 final judgment following the entry of its four-page opinion of April 14, 1988,[12] and neither party on appeal has raised that obvious defect. Instead, Seiscom merely filed notice of appeal from the April 14 opinion.

■ Thus, insofar as the appeal from the district court to this court is concerned, we have a case in the same posture as *Hanson v. Town of Flower Mound:* "Since neither party to this appeal has raised the failure to obtain entry of the judgment as a separate document, we have jurisdiction...." 679 F.2d at 502.

### VI.

In summary, the order of February 20, 1987, did not comply with rules 58 and 9021. Seiscom preserved its right to have the judgment entered as a separate document by filing its motion to that effect.

The bankruptcy court's order denying that motion is a final, appealable judgment from which Seiscom timely appealed to the district court. The district court erred in holding that Seiscom's appeal to it was untimely and hence in refusing to consider the case on the merits. Seiscom timely appealed the district court's order, which we treat as a final, appealable judgment.

Expressing no view on the merits, we REVERSE and REMAND.

---

**11.** Usually, we address the issue of our own jurisdiction first. Here, the issue of the appeal from bankruptcy court to district court arose first in time and, as explained *infra*, the resolution of our own jurisdiction follows naturally from our discussion, *supra*, of the *Mallis* and *Hanson* cases.

**12.** The opinion was captioned "Judgment."