IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-40004
_____

ABC ARBITRAGE PLAINTIFFS GROUP; ET AL,

                                        Plaintiffs,

KEVIN C. ALAIMO; JIM MYCKLEBY,

                                        Plaintiffs-Appellants,

        versus

SERJE TCHURUK; NET ACQUISITION INC;
JEAN-PIERRE HALBRON; AMBROSE ROUX;
RAND V ARASKOG; DANIEL BERNARD;
PHILIPPE BISSARA; PAOLO CANTARELLA;
GUY DEJOUANY; JACQUES FRIEDMANN;
NOEL GOUTARD; FRANCOIS DE LAAGE DE MEUX;
PIERRE-LOUIS LIONS; THIERRY DE LOPPINOT;
BRUNO VAILLANT; MARC VIENOT;
HELMUT WERNER; ALCATEL SA; ALCATEL USA INC;
MIKE POTTER; KRISH PRABHU; ALCATEL
NETWORK SYSTEMS INC; ALCATEL ALSTHOM,

                                        Defendants-Appellees.

_____

Appeal from the United States District Court
for the Eastern District of Texas
(4:99-MD-1263)
_____

May 2, 2001

Before GARWOOD, HALL,[1] and BARKSDALE, Circuit Judges.

PER CURIAM:[2]

Appellees contend that we may not take jurisdiction of this appeal because, *inter alia*, the judgment sought to be appealed has not been "set forth on a separate document"–i.e. a document separate from that explaining the court's reasons for the complained of order or ruling–as required (in addition to entry on the docket under FED. R. CIV. P. 79(a)) by FED. R. CIV. P. 58.[3] Appellees are correct that the challenged order of the district court–its twelve page "Memorandum Opinion and Order" dated November 30, 1999–does not comply with Rule 58 in this respect, and there is no other document separate therefrom, embodying only the ruling or order of the court. While we can take jurisdiction of an appeal notwithstanding noncompliance with Rule 58's separate document requirement, our prior precedents, binding on this panel, hold that we can do so *only* if that noncompliance has been waived by *both* the appellant *and* the appellee. *Silver Star Enterprises, Inc. v. M/V*

---

[1]Circuit Judge of the Ninth Circuit, sitting by designation.

[2]Pursuant to 5TH CIR. R. 47.5 the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[3]Appellees also contend that appellate jurisdiction is lacking because a certificate under Fed. R. Civ. P. 54(b) is necessary but not present. We do not address that matter. We note, however, that when a judgment in compliance with Rule 58 is entered the district court could moot any possible question in this respect which might arise on a subsequent appeal by also making an appropriate Rule 54(b) certificate.

2

*Saramacca*, 19 F.3d 1008, 1012-13 (5th Cir. 1994); *Theriot v. ASW Well Service, Inc.*, 951 F.2d 84 (5th Cir. 1992); *Seal v. Pipeline, Inc.*, 724 F.2d 1166 (5th Cir. 1984). *See also Transit Management of SELA v. Group Ins. Admin.,* 226 F.3d 376, 381-82 (5th Cir. 2000). Appellees have not waived this requirement. In the portion of their brief arguing that we lack appellate jurisdiction they assert, *inter alia*, "the District Court never entered separate judgment as required by Rule 58" (and there are other references to noncompliance with Rule 58).

Accordingly, we may not take jurisdiction and the appeal is

DISMISSED.[4]

---

[4]Should a new appeal be taken after compliance with Rule 58, new, current briefs shall be submitted.

3