United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 18, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 05-60384

_____

GLOVER ALCORN RUSSELL, JR.;
GLOVER ALCORN RUSSELL, III,

Plaintiffs-Appellants,

versus

WATKINS LUDLAM WINTER &
STENNIS, P.A.; FOX-EVERETT, INC.;
WENDY EVERSOLE; HEALTH & WELFARE
PLAN FOR EMPLOYEES OF WATKINS
LUDLAM WINTER & STENNIS, P.A.,

Defendants-Appellees.

---

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:04-CV-220

---

Before REAVLEY, CLEMENT, and PRADO, Circuit Judges.

PER CURIAM:[*]

Plaintiffs-Appellants challenge the district court's order

dismissing their claims for failure to comply with Rule 8 of the

Federal Rules of Civil Procedure.  We DISMISS the appeal for lack

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of jurisdiction.

I.    BACKGROUND

On April 8, 2003, Plaintiff-Appellant Glover Alcorn Russell, III ("Trey") was injured in an automobile accident.  After the accident, Trey's father, Plaintiff-Appellant Glover Alcorn Russell, Jr., a former employee of Defendant-Appellee Watkins Ludlam Winter & Stennis, P.A. ("Watkins Ludlam"), enrolled Trey in the Health & Welfare Plan for Employees of Watkins Ludlam ("the Plan").  Because Plaintiffs-Appellants contend that they have not been reimbursed for medical expenses resulting from Trey's accident, they filed a complaint asserting that Defendants-Appellees[1] willfully, deceptively, intentionally, and/or negligently failed to inform them of the availability and extent of medical insurance coverage under the Consolidated Omnibus Budget Reconciliation Act of 1985 ("COBRA"), 29 U.S.C. §§ 1161-1168, in contravention of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001-1461, and the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), Pub. L. No. 104-191, 110 Stat. 1936.[2]

The complaint is over one hundred pages long and contains over four hundred paragraphs.  There are twenty-seven counts of

---

[1] In addition to Watkins Ludlam Winter & Stennis, P.A., Plaintiffs-Appellants named the Plan and the Plan's administrators Fox-Everett, Inc. and Wendy Eversole as Defendants.

[2] Additionally, the Plaintiffs-Appellants seek penalties, removal of Plan fiduciaries, attorney's fees, and costs.

malfeasance and approximately one hundred thirty pages of exhibits.

Defendants-Appellees were granted extensions of time to respond to the complaint. Next, Defendants-Appellees filed motions to dismiss the Plaintiffs' complaint for failure to comply with Rule 8 of the Federal Rules of Civil Procedure.[3] Meanwhile, Plaintiffs-Appellants, on March 14, 2005, filed a Motion for Default Judgment against Defendants-Appellees. On March 31, 2005, without addressing Plaintiffs' Motion for Default Judgment, the district court granted Defendants' Motions to Dismiss without prejudice. The court also stated that "Plaintiffs may re-file their complaint but only in obedience to the rules for pleading." However, the court did not set forth judgment on a separate document in accordance with Rule

---

[3] While the substance of the motions focused on the Plaintiffs' violations of Rule 8, Defendants-Appellees filed the motions generally pursuant to Rules 8, 12, and 41 of the Federal Rules of Civil Procedure.

Rule 8(a) provides that "[a] pleading which sets forth a claim for relief...shall contain...a short and plain statement of the claim showing that the pleader is entitled to relief." FED.R.CIV.P. 8.

Rule 12(e) states that "[i]f a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading. The motion shall point out the defects complained of and the details desired." FED.R.CIV.P. 12(e).

Rule 41(b) provides that "[f]or failure of the plaintiff...to comply with [the Federal Rules of Civil Procedure] or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant." FED.R.CIV.P. 41(b).

58.[4]  Instead of refiling their complaint, Plaintiffs-Appellants filed this appeal.  Defendants-Appellees filed motions to dismiss this appeal for lack of jurisdiction.  Appellees' motions and Appellants' response were carried with the case so that the issue of whether this Court has jurisdiction could be decided alongside the issue of whether the district court's dismissal constitutes an abuse of discretion.

## II.  DISCUSSION

The threshold question in this case is whether this Court has jurisdiction to hear this appeal.  In order to hear this case we must determine that the district court's order is final, and thus appealable.  *See* 28 U.S.C. § 1291.  This Court lacks jurisdiction over the appeal for two reasons: (1) Defendants-Appellees raised the issue that the district court did not set forth judgment on a separate document in accordance with Rule 58; and (2) the district court's order does not end the litigation on the merits.

First, in *Nagle v. Lee*, 807 F.2d 435 (5th Cir. 1987), this Court acknowledged:

> the [Supreme] Court emphasized that where the district court had evidenced its intent that an opinion and order would represent its final decision in the case and the clerk records that order and *neither party objects* to the lack of a separate judgment document, the parties

---

[4] Rule 58 provides that, with limited exceptions, "[e]very judgment...must be set forth on a separate document." FED.R.CIV.P. 58.

4

> will have waived the requirements of rule 58 and the appellate court may take jurisdiction over this "final" judgment.

*Id.* at 441 (emphasis added)(citing *Bankers Trust Co. v. Mallis*, 435 U.S. 381, 386 (1978)). Similarly, this Court has held that "we may take jurisdiction of an appeal from a 'final decision' under [section] 1291, even though no separate judgment has been entered, *when the parties fail to raise the issue*."[5] *Hanson v. Town of Flower Mound*, 679 F.2d 497, 501 (5th Cir. 1982)(emphasis added). In accordance with this principle, this Court has refused to hear appeals where the district court did not comply with Rule 58 and an appellee asserted lack of jurisdiction. *Nagle*, 807 F.2d at 441 ("Consistent with *Hanson*, we have dismissed an appeal for noncompliance with rule 58 where an appellee asserted lack of jurisdiction." (citing *Seal v. Pipeline, Inc.*, 724 F.2d 1166 (5th Cir. 1984))).

Defendants-Appellees, in this case, have raised the issue that the district court did not enter a separate judgment. The fact that Defendants-Appellees have objected to the district court's noncompliance with Rule 58 mandates a dismissal. *See Seal*, 724 F.2d at 1167.

---

[5] The panel also noted that the Supreme Court's decision in *Bankers Trust Co. v. Mallis*, 435 U.S. 381 (1978), did not affect the law regarding the separate document requirement when an appellee *does* object to the district court's failure to comply with rule 58. *Hanson v. Town of Flower Mound*, 679 F.2d 497, 502 (5th Cir. 1982).

This Court also lacks jurisdiction over the appeal because the district court's order does not end the litigation on the merits. A "final decision" is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Catlin v. United States*, 324 U.S. 229, 233 (1945).[6]

The district court's order dismissed Appellants' claims without prejudice. Moreover, the court expressly gave Appellants the opportunity to re-file or amend their complaint.[7] Finally, because the court did not reach Appellants' substantive arguments, its order did not dispose of the merits of the litigation. Consequently, we find that the district court's order is not final; thus it is not appealable.[8]

---

[6] Similarly, this Court has stated:
> "When a decree finally decides and disposes of the whole merits of the cause, and reserves no further questions or directions for the future judgment of the court, so that it will not be necessary to bring the cause again before the court for its final decision, it is a final decree."

*Anastasiadis v. S.S. Little John*, 339 F.2d 538, 539 (5th Cir. 1964)(quoting *Beebe v. Russell*, 60 U.S. 283 (1856)).

[7] We are also convinced that the district court's failure to enter judgment on a separate document also evidences the court's intent to not issue a final decision.

[8] Appellants also argue that the district court should have entered a default judgment for them because Appellees filed a motion to dismiss instead of an answer. Although a motion to dismiss is not a responsive pleading, because the district court considered Appellees' motion pursuant to Rule 12 to include a motion under Rule 12(e) for a more definite statement, Appellees

III. CONCLUSION

Because this Court lacks jurisdiction, we DISMISS the appeal.

---

were not required to file a responsive pleading until the court ruled on its pending motion. FED.R.CIV.P. 12(f); *McZeal v. Ocwen Fin. Corp.*, 252 F.3d 1355 (5th Cir. 2001).