**Henry THERIOT, Jr., Plaintiff,**

v.

**ASW WELL SERVICE, INC., et al., Defendants–Appellees,**

v.

**SONTHEIMER OFFSHORE CATERING CO., INC., Defendant–Appellant.**

**No. 90–3792.**

United States Court of Appeals, Fifth Circuit.

Jan. 17, 1992.

---

Richard S. Vale, Metairie, La., for defendant-appellant.

David E. Black, Paul K. Nesbitt, Griggs & Harrison, Houston, Tex., for ASW Well Service, Inc.

Before REYNALDO G. GARZA, WIENER, and BARKSDALE, Circuit Judges.

WIENER, Circuit Judge:

In this suit for indemnity under a master service agreement for catering services on a jack-up marine drilling platform, Defendant/Cross–Defendant/Appellant, Sontheimer Offshore Catering Co., Inc. (SONOCO), appeals from the district court's minute entry granting summary judgment in favor of Defendant/Cross–Plaintiff/Appellee, ASW Well Service, Inc. (ASW). Finding that the appeal was premature under the "separate document" rule of Fed. R.Civ.P. 58, we dismiss.

## I.

### FACTS

At the time of the circumstances giving rise to this case, ASW owned the jack-up workover rig, M/V WORK HORSE IV. SONOCO is a food catering company that supplies personnel and equipment for preparing and serving meals and providing housekeeping services aboard vessels and facilities in the offshore industry. In 1988 ASW and SONOCO entered into a master service contract (the contract) that provided, in part, that SONOCO indemnify and hold harmless ASW for injuries sustained by SONOCO's workers.

Plaintiff, Henry Theriot, Jr. (Theriot), an employee of SONOCO, was allegedly injured while working aboard the M/V WORK HORSE IV. Theriot filed an action against SONOCO, ASW, the WORK HORSE IV, and SONOCO's insurer, Aetna Casualty and Surety Company. His complaint seeks recovery under the Jones Act,[1] and general maritime law. Based on the indemnity and hold harmless provisions of the contract, ASW filed a cross-claim

1. 46 U.S.C. App. § 688.

2. F.R.A.P. 4(a)(6) requires that, to be appealable, a judgment must be entered in compliance with Fed.R.Civ.P. 58 and 79(a). Fed.R.Civ.P. 58

against SONOCO for contribution, indemnity and contractual indemnity. Subsequently, ASW filed a motion for summary judgment seeking indemnity and attorneys' fees from SONOCO. The district court signed a minute entry granting ASW's motion. The court did not sign and enter a separate order or judgment.

SONOCO filed a notice of appeal from the minute entry granting ASW's motion for summary judgment.

ASW filed with this court a motion to dismiss the appeal and a motion to stay appeal pending disposition of the motion to dismiss. ASW argued that this court had no jurisdiction to decide the appeal because the appeal was not taken from a "separate judgment" as required by Fed.R.Civ.P. 58.[2] We carried with the case ASW's motion to dismiss the appeal, and we denied ASW's motion to stay appeal pending disposition of the motion to dismiss the appeal. ASW filed with the district court a motion for entry of final judgment, which SONOCO opposed. As of this writing, the district court has not acted on ASW's motion for entry of final judgment.

## II.

### DISCUSSION

#### *Motion to Dismiss*

F.R.A.P. 4(a)(1) provides in pertinent part that a notice of appeal "shall be filed ... within 30 days after the date of entry of the judgment or order appealed from; ..." The appellate rules do not define "judgment" or "order," but Fed. R.Civ.P. 54(a) defines "judgment" to include "a decree and any order from which an appeal lies." F.R.A.P. 4(a)(6) instructs that "[a] judgment or order is entered within the meaning of this Rule 4(a) when it is entered in compliance with Rules 58 and 79(a) of the Federal Rules of Civil Procedure." Fed.R.Civ.P. 58 requires in pertinent part that "[e]very judgment shall be

requires that "[e]very judgment shall be set forth on a separate document. A judgment is effective only when so set forth...."

set forth on a separate document. A judgment is effective only when so set forth and when entered as provided in Rule 79(a)." Fed.R.Civ.P. 79(a) requires that all papers filed in each case, including judgments and orders, be entered on the civil docket kept by the clerk of the district court. The import of these appellate and civil procedure rules, taken together, is that to be appealable, any decree or order must be set forth in a separate document and entered on the clerk's civil docket.

In the instant case, the district court placed in the record a five page "minute entry," denominated as such and entered as such on the docket, in which the court granted ASW's motion for summary judgment and stated its reasons. Because the district court placed in the record a minute entry of its decision and did not enter a separate judgment from which an appeal might be taken, we cannot decide this appeal on its merits, but must dismiss it.

We are instructed by the Supreme Court, with good reason, that Rule 58 is to be "mechanically applied." [3] For purposes of appeal and post-judgment motions affecting the time for appeal, Rule 58 was amended in 1963 to remove uncertainties as to when a judgment is entered.[4] We have not hesitated to dismiss an appeal when the decision from which the appeal was taken was not embodied in a separate document,[5] including when, as in the instant case, an appeal was taken from a minute entry or from a ruling that granted a motion for summary judgment before the final judgment was entered by the district court.[6]

■ Finality of a judgment, appealability of a judgment, and the separate document requirement are different concepts, but are often confused.[7] A minute entry, although it is a record of the court's final decision in a case or of an appealable interlocutory decision, cannot constitute a "separate document" for the purposes of meeting the Rule 58 requirement.[8] On the other hand, the "separate document" required by Rule 58 can, but does not always, constitute a "final judgment" of the court.[9] In many instances the "separate document" may well constitute an interlocutory ruling of the court.

■ This appeal is from a determination of the district court that the ASW/SONOCO contract must be interpreted under maritime law. 28 U.S.C. § 1292(a)(3) provides that "the courts of appeal shall have jurisdiction in appeals from … [i]nterlocutory decrees … determining the rights and liabilities of the parties to admiralty cases in which appeals from final decrees are allowed." Neither of the parties argues that we lack jurisdiction over the subject matter of this appeal merely because of the interlocutory nature of the ruling.[10] Indeed, SONOCO strongly asserts that ASW's motion to dismiss the appeal has no merit because it is foreclosed by the jurisdictional grant of § 1292(a)(3). But SONOCO fails to grasp, or at least to acknowledge, that the separate document requirement is in addition to and separate from any jurisdictional prerequisites.

■ ASW has moved the district court to enter a final judgment on its motion for summary judgment. We need not consider, however, whether the district court's decision granting ASW's motion for sum-

3. *United States v. Indrelunas,* 411 U.S. 216, 221, 93 S.Ct. 1562, 1564, 36 L.Ed.2d 202 (1973) (per curiam).

4. *Id.* at 219–22, 93 S.Ct. at 1563–65.

5. *See East Jefferson Coalition for Leadership and Development v. Parish of Jefferson,* 926 F.2d 487, 490 (5th Cir.1991).

6. *See Calmaquip Engineering West Hemisphere v. West Coast Carriers,* 650 F.2d 633, 635–36 (5th Cir.1981).

7. *See, e.g., Kurowski v. Krajewski,* 848 F.2d 767 (7th Cir.), *cert. denied,* 488 U.S. 926, 109 S.Ct. 309, 102 L.Ed.2d 328 (1988).

8. *Jones v. Celotex Corp.,* 857 F.2d 273, 275 (5th Cir.1988).

9. *See Bankers Trust Co. v. Mallis,* 435 U.S. 381, 385 n. 6, 386 n. 7, 98 S.Ct. 1117, 1120 n. 6, 1120–21 n. 7, 55 L.Ed.2d 357 (1978) (per curium).

10. ASW questions our jurisdiction because the minute entry was not on a separate document meeting the requirements of Rule 58. Rule 58 is not, however, a jurisdictional rule.

mary judgment is final or interlocutory because the separate document requirement of Rule 58 applies equally to final and interlocutory decisions.[11] In addition, we find nothing in the jurisprudence or in the pertinent federal rules that would exempt interlocutory decisions appealed pursuant to § 1292(a)(3) from the separate document requirement.[12] The rules of civil and appellate procedure applicable to this issue do not exclude from the separate document requirement interlocutory orders or orders appealable by statute. Instead, they apply to "[e]very judgment,"[13] with "judgment" defined as "a decree or any order from which an appeal lies."[14] In fact, because decisions of an interlocutory nature can be "saved up" and appealed after a final determination is made in the case, the purpose of the separate document requirement—to place all parties on notice of appealability—is even more relevant. Irrespective of whether the decision of the district court granting ASW's motion for summary judgment is otherwise appealable as a final order or as an interlocutory order under § 1292(a)(3), it still must comply with Rules 58 and 79(a) before an appeal can be taken. It failed to do so.

■ We recognize that Rule 58 should be interpreted to favor the right to appeal.[15] For that reason, the separate document requirement is not jurisdictional, and the parties are free to waive it.[16] But under *Mallis*, a decision may be appealed without benefit of a separate document if, but only if, the district court and the parties, without objection, intended that the ruling be a final decision.[17] This case does not fall within the exception created by *Mallis*. ASW clearly has made its objection known by filing in this court its motion to dismiss the appeal and by filing in the district court a motion for entry of final judgment.[18]

The decision to dismiss this appeal is in no way meant to indicate that the parties are foreclosed from taking an appeal from a judgment of the district court that meets the requirements of Rules 58 and 79(a). Our dismissal merely means that, absent either a separate document or a *Mallis* exception, the appeal taken from the district court's minute entry is premature.

### Request for Attorneys' Fees

■ In the prayer for relief in its motion to dismiss this appeal, ASW requested attorneys' fees of not less than $1,000 for bringing the motion to dismiss. This bare parting shot, unaccompanied by briefing or supporting documentation such as contemporaneous time records, provides an insufficient basis on which we could grant attorneys' fees. ASW's request for attorneys' fees, therefore, is denied without prejudice. We would, however, consider a resubmitted request with appropriate documentation and briefing by interested parties.

**11.** *Louisiana World Exposition, Inc. v. Logue*, 746 F.2d 1033, 1039 (5th Cir.1984). *See McCowan v. Sears, Roebuck and Co.*, 908 F.2d 1099 (2d Cir.), *cert. denied*, —— U.S. ——, 111 S.Ct. 250, 112 L.Ed.2d 209 (1990); *see also Furr's Cafeterias, Inc. v. NLRB*, 566 F.2d 505, 507 (5th Cir. 1978).

**12.** In *Mallis*, 435 U.S. at 384, 98 S.Ct. at 1120, the Supreme Court said:

We assume, without deciding, that the requirements for an effective judgment set forth in the Federal Rules of Civil Procedure must generally be satisfied before § 1291 jurisdiction may be invoked.

*See also McCowan*, 908 F.2d at 1103. We see no justifiable reason why the same cannot be said for § 1292 jurisdiction.

**13.** Fed.R.Civ.P. 58.

**14.** Fed.R.Civ.P. 54(a).

**15.** *In re Seiscom Delta, Inc.*, 857 F.2d 279, 283 (5th Cir.1988)

**16.** *Simmons v. Willcox*, 911 F.2d 1077, 1088, n. 6 (5th Cir.1990). *See generally Mallis*, 435 U.S. 381, 98 S.Ct. 1117. *See also Hanson v. Flower Mound*, 679 F.2d 497, 501 (5th Cir.1982) (Court may take jurisdiction under § 1291 when no party raises the issue of lack of separate document.).

**17.** *Mallis*, 435 U.S. at 387–88, 98 S.Ct. at 1121.

**18.** *See In re Seiscom Delta, Inc.*, 857 F.2d at 282 (Party manifested its objection to taking of appeal despite absence of final judgment by moving district court for entry of a "separate final judgment in conformance with rule 58.").

The district court in the instant case has deferred ruling on the motion for entry of final judgment pending the outcome of this appeal.

For the foreground reasons, the appeal is DISMISSED.