**UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

No. 00-10792
Summary Calendar

KYLE DeGROAT,

Plaintiff-Appellant,

VERSUS

PIER 1 IMPORTS, INC.,

Defendant-Appellee.

Appeal from the United States District Court
for the Northern District of Texas
(4:99-CV-554)

March 15, 2001

Before EMILIO M. GARZA, STEWART, and PARKER, Circuit Judges.

PER CURIAM:[*]

Appellant appeals the district court's entry of summary judgment in favor of Appellee.

Because we find no error in the district court's decision, we AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

I.

Appellant was hired by Appellee in May 1990, as a mail clerk in Appellee's home office in Fort Worth, Texas. Appellant transferred to Appellee's in-house copy center in May 1994, and began working with another employee named Shawn Godwin, who was the lead copy center technician. In September 1995, Godwin was injured while at work, and he filed a workers' compensation claim. Thereafter, in February 1996, Appellant was promoted to the lead copy center technician position.

In September 1996, Godwin filed a charge of racial discrimination against Appellee and listed Appellant as a witness. In response to the charge, the Fort Worth Human Resource Commission ("Commission") provided names of employees to be interviewed to Ronni Morrison, Appellee's vice president of employee relations. Morrison arranged the interviews, and Appellant was interviewed by the Commission on September 12, 1997. Appellant also gave a written statement to the Commission.

On March 30, 1998, Marvin Girourard, Appellee's president, drafted a memorandum to notify all home-office employees of a special meeting in which he would announce the issuance of end-of-the-year bonus checks to every home-office employee. Girourard drafted the memo and instructed his assistant to contact the copy center to pick it up and make copies on his business stationery for distribution to the employees. The memo was picked up a couple of hours later, and after making more than 500 copies, Appellant performed a "scan check" of the copies and delivered them to the mail room for distribution.

Unfortunately, some of the copies had the text of the memorandum on the back side of the stationery, and the front side of the stationery with Girourard's letterhead was blank. Girourard ordered Mitch Weatherly, the senior vice president of human resources, to investigate the error. Weatherly investigated the matter with Mal Hasty, director of corporate services. After learning that

Appellant was responsible for the errors, Weatherly instructed Appellant's supervisor John Williams to fire Appellant. Williams met with Appellant on March 31, 1998, and told Appellant that he was terminated because of his job performance.

Appellant then filed this action on July 12, 1999, alleging that he was illegally discharged under 42 U.S.C. § 2000e-3(a), in retaliation for assisting in the investigation of Godwin's discrimination charge against Appellee. The district court granted summary judgment in favor of Appellee on Appellant's claim.

II.

A.

Before we review the merits of this appeal, we note that the district court never entered a final judgment pursuant to FED. R. CIV. P. 58. Under Rule 58, "[e]very judgment shall be set forth on a separate document." It is imperative that "the requirements for an effective judgment set forth in the Federal Rules of Civil Procedure must generally be satisfied" before our jurisdiction can be invoked. *Bankers Trust Co. v. Mallis*, 435 U.S. 381, 384 (1978). The document granting Appellee's motion for summary judgment is titled "Memorandum Opinion and Order on Defendant's Motion for Summary Judgment" ("Opinion"), and while it grants Appellee's motion, it does not issue a final judgment. Moreover, there is no other document in the record purporting to enter a final judgment pursuant to Rule 58.

However, the separate document requirement of Rule 58 can be waived. *See id.*; *Transit Mgmt. of Southeast La., Inc. v. Group Ins. Admin., Inc.*, 226 F.3d 376, 382 n.8 (5th Cir. 2000); *Theriot v. ASW Well Serv., Inc.*, 951 F.2d 84, 88 (5th Cir. 1992). The requirement can be waived if the district court and the parties intended the relevant decision to be a final decision. *Bankers Trust*, 435 U.S. at 387-88; *Transit Mgmt.*, 226 F.3d at 382 n.8; *Theriot*, 951 F.2d at 88. In this

action, it is clear that the district court and the parties intended the Opinion to be a final decision. The district court's docket reveals that this action was closed on June 19, 1999, the same date on which the Opinion was entered. Treating the Opinion as a final judgment under Rule 58, Appellant's filing of his notice of appeal on July 19, 1999, was timely under FED. R. APP. P. 4(a)(1) as it was filed within thirty days of the Opinion's date of entry. The parties have not expressed any objections to treating the Opinion as a final decision, and apparently there is no prejudice in treating that decision as a final judgment. Therefore, we conclude that the separate document requirement of Rule 58 was waived in this action.

B.

We review the district court's grant of summary judgment *de novo*. *Webb v. Cardiothoracic Surgery Assocs. of North Texas*, 139 F.3d 532, 536 (5th Cir. 1998).

In entering summary judgment for Appellee, the district court reasoned that Appellant failed to create a fact issue as to whether Appellee's reason for the termination was mere pretext. The district court initially concluded that Appellant failed to present conclusive evidence creating a genuine issue of material fact relating to the causal connection between Appellant's assistance with the Commission's investigation of Godwin's charges and Appellant's termination. However, the district court did not grant summary judgment on this ground because it "indulge[d] in an inference in favor of" Appellant by assuming that the six-month time period between Appellant's assistance and his termination was sufficient to create a genuine issue of material fact on whether there was a causal connection. *See Swanson v. General Servs. Admin.*, 110 F.3d 1180, 1188 (5th Cir.) ("Close timing between an employee's protected activity and an adverse action against him may provide the 'causal connection' required to make out a prima facie case of retaliation."), *cert. denied*, 522 U.S. 948 (1997). The district court nonetheless held that summary judgment was proper because Appellant

failed to come forward with evidence creating a reasonable inference of retaliation as a motivating or determinative factor in his termination.

Appellant challenges the entry of summary judgment by arguing that there was a causal connection between his assistance with the Commission and his termination, and that there is a fact issue as to whether Appellee's reason for terminating him was mere pretext. However, these arguments have no merit. First, Appellant's causal connection argument is irrelevant because the district court did not grant summary judgment for a lack of a causal connection between Appellant's assistance with the Commission's investigation and the termination. As noted above, the district court "indulged" an inference in favor of Appellant in *not* granting summary judgment on this ground. Second, Appellant's challenge to Appellee's reason for the termination is unsupported by any evidence of pretext. Appellant alleges that the fact that Girouard was not "embarrassed" by the circulation of the erroneously printed memos, and that Weatherly's investigation was undocumented per Appellant's subjective standards create issues relating to Appellee's reason for the termination. However, these allegations are mere reiterations of the arguments the district court rejected as a subjective and speculative conspiracy theory. In light of the undisputed fact that Appellant was responsible for the printing and distribution of the erroneously printed memos, the district court properly granted summary judgment. Appellant's termination was the result of a business decision that is not subject to judicial second-guessing. *See Bodenheimer v. PPG Indus.*, 5 F.3d 955, 959 (5th Cir. 1993).

AFFIRMED.