IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-40850
_____


ABC ARBITRAGE PLAINTIFFS GROUP; ET AL,

                                        Plaintiffs,

ALCATEL PLAINTIFFS GROUP,

                                        Plaintiff-Appellant,

        versus


SERJE TCHURUK; ET AL,

                                        Defendants,

SERJE TCHURUK;
JEAN-PIERRE HALBRON; ALCATEL SA,

                                        Defendants-Appellees.

_____

Appeal from the United States District Court
for the Eastern District of Texas
(4:99-MD-1263)
_____

May 2, 2001

Before GARWOOD, HALL,[1] and BARKSDALE, Circuit Judges.

_____

[1]Circuit Judge of the Ninth Circuit, sitting by designation.

PER CURIAM:[2]

Appellees contend (Appellees' brief, statement of jurisdiction and pp. 20, 21) that we may not take jurisdiction of this appeal because the judgment sought to be appealed has not been "set forth on a separate document"–i.e. a document separate from that explaining the court's reasons for the complained of order or ruling–as required (in addition to entry on the docket under FED. R. CIV. P. 79(a)) by FED. R. CIV. P. 58. Appellees are correct that the challenged order of the district court–its thirty-two page "Memorandum Opinion and Order" dated June 23, 2000–does not comply with Rule 58 in this respect, and there is no other document separate therefrom, embodying only the ruling or order of the court. While we can take jurisdiction of an appeal notwithstanding noncompliance with Rule 58's separate document requirement, our prior precedents, binding on this panel, hold that we can do so *only* if that noncompliance has been waived by *both* the appellant *and* the appellee. *Silver Star Enterprises, Inc. v. M/V Saramacca*, 19 F.3d 1008, 1012-13 (5th Cir. 1994); *Theriot v. ASW Well Service, Inc.*, 951 F.2d 84 (5th Cir. 1992); *Seal v. Pipeline, Inc.*, 724 F.2d 1166 (5th Cir. 1984). *See also Transit Management of SELA v. Group Ins. Admin.,* 226 F.3d 376, 381-82 (5th Cir. 2000). Appellees have not waived this requirement.

---

[2]Pursuant to 5TH CIR. R. 47.5 the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Accordingly, we may not take jurisdiction and the appeal is

DISMISSED.[3]

---

[3]Should a new appeal be taken after compliance with Rule 58, new, current briefs shall be submitted.

We note that there may be a possible question whether a certificate under FED. R. CIV. P. 54(b), which is not present, is necessary to confer appellate jurisdiction here.  We do not resolve that matter.   We observe, however, that when a judgment in compliance with Rule 58 is entered the district court could moot any possible question in this respect which might arise on a subsequent appeal by also making an appropriate Rule 54(b) certificate.