# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 14, 2011

No. 11-30147
Summary Calendar

Lyle W. Cayce
Clerk

WILLIAM L. BARBER, JR.,

Plaintiff - Appellant

v.

ERIC K. SHINSEKI; DEPARTMENT OF VETERANS AFFAIRS,

Defendants - Appellees

Appeal from the United States District Court
for the Western District of Louisiana

Before JOLLY, GARZA, and STEWART, Circuit Judges.

PER CURIAM:

We *sua sponte* withdraw our previous opinion[1] in this case and substitute the following.  The only changes in this opinion are to Part II, paragraph four, in which we remove language indicating that all judgments must be set forth on paper documents.  Rule 58 requires that every judgment be set forth on a separate document, but that document may be electronic.  In all other respects, this opinion is the same as its predecessor.

William L. Barber, Jr., appeals, *inter alia*, the magistrate judge's electronic order dismissing his case.  For the reasons that follow, we hold that the order is

---

[1] *Barber v. Shinseki*, 645 F.3d 706 (5th Cir. 2011).

No. 11-30147

not a final judgment. We therefore lack jurisdiction and **DISMISS** Barber's appeal.

I.

On November 7, 2006, Dr. Eugene Balthazar performed a colonoscopy on William L. Barber, Jr. at the Veterans Affairs Medical Center in Alexandria, Louisiana. According to Barber, the procedure went badly awry, and he was forced to undergo emergency surgery the next day. Barber further claims that he was hospitalized until July 29, 2007.

On May 18, 2010, Barber, acting through counsel, filed the complaint in this case; at the time, Barber was represented by Mark Smith. Shortly thereafter, Smith sought and was granted permission to withdraw. On June 21, Barber requested the appointment of counsel. On July 20, the district judge referred the motion to the magistrate judge "for the purpose of deciding same and conducting all necessary proceedings incidental thereto." On July 23, the magistrate judge denied the motion, but granted Barber sixty days either to obtain representation or notify the court of his intention to proceed pro se. On September 24, Barber sought and was granted additional time to find representation. On December 1, Barber again asked the district court to appoint counsel; the motion was referred to the magistrate judge, who denied it via electronic order on December 13.

On January 3, 2011, the magistrate judge entered yet another electronic order, which informed Barber that his action would be dismissed in seven days if he had not either enrolled counsel or informed the court of his intention to proceed pro se. On January 5, Barber sought reconsideration of the order denying his second motion to appoint counsel. The magistrate judge denied the motion for reconsideration in a January 11 electronic order; in the same order, the magistrate dismissed Barber's suit for failure to comply with the court's orders and for failure to prosecute. On January 13, Barber filed a motion for

2

No. 11-30147

reconsideration; the motion was denied by the magistrate judge on January 21. On February 3, Barber filed a timely notice of appeal from the January 11 electronic order dismissing his case.

## II.

The threshold issue for decision is whether we have jurisdiction over Barber's appeal. As noted, the order purporting to dismiss Barber's suit was electronically entered by a magistrate judge.

This court has jurisdiction over final judgments and certain interlocutory orders. 28 U.S.C. §§ 1291-92. We are concerned today with whether the magistrate judge's order of dismissal is a final judgment within the meaning of Section 1291. Under our precedents, "it is well established that a magistrate judge's order is not 'final' within the meaning of § 1291 and may not be appealed to this court directly." *Donaldson v. Ducote*, 373 F.3d 622, 624 (5th Cir. 2004). We have further explained:

> Congress has created a limited exception to this rule: Under 28 U.S.C. § 636(c)(1), a district court, with the voluntary consent of the parties, may authorize a magistrate judge to conduct proceedings and enter final judgment in a case; such judgment is then appealable to the circuit court directly. Because this process requires the parties to waive their constitutional rights to an Article III judge, we have held that a case does not fall within the jurisdictional ambit of § 636(c) unless the parties' consent to proceed before a magistrate judge is clear and unambiguous.

*Id.* (internal marks and citations omitted). The record contains no evidence that Barber consented to have his case disposed of by a magistrate. Indeed, he repeatedly addressed his motions to the *district* judge, who in turn referred the motions to the magistrate judge. Moreover, "[w]e will not infer consent merely" because Barber appealed directly from the magistrate judge's order unless "the record . . . reflect[s] that [Barber] . . . was notified of his right to withhold

3

No. 11-30147

consent and retain his right to object to the magistrate judge's findings before the district court." *Id.* There is no such evidence in the record before us.

The district court has not entered an appealable judgment or order; thus, we do not have jurisdiction.

We nonetheless note that the district court has an obligation to issue an order as a separate, freestanding document, and not just as a docket entry, when it disposes of a case. The electronic order of the magistrate judge dismissing the complaint runs afoul of this rule, which is set forth in FED. R. CIV. P. 58. We have recognized that under Rule 58, "every judgment shall be set forth on a separate document." *Theriot v. ASW Well Serv.*, 951 F.2d 84, 86-87 (5th Cir. 1992).[2] The electronic order entered by the magistrate judge does not meet this requirement because it does not appear on any document—electronic or otherwise—other than as merely a separate entry on the docket sheet. We therefore strongly encourage the district court to comply with Rule 58 when it enters dispositive orders or judgments in the future; otherwise, on appeal such electronic orders or judgments are subject to dismissal, and they perhaps bear other infirmities that should not be attendant with finality.

### III.

The magistrate judge had no authority to enter a dispositive order in this case, meaning no appealable order or judgment has been entered. Barber's appeal is therefore

**DISMISSED.**

---

[2] There are certain exceptions to this rule; none are relevant here. *See* FED. R. CIV. P. 58(a).

4