IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 13-11411
Summary Calendar
_____

United States Court of Appeals
Fifth Circuit

**FILED**

August 25, 2014

Lyle W. Cayce
Clerk

SEALED APPELLEE,

> Plaintiff - Appellee

v.

SEALED APPELLANT,

> Defendant - Appellant

_____

Appeals from the United States District Court
for the Northern District of Texas
_____

Before SMITH, ELROD, and HIGGINSON, Circuit Judges.

PER CURIAM:

Defendant-Appellant appeals from the United States Magistrate Judge's order committing her to the custody of the Attorney General. Defendant challenges the magistrate judge's authority to enter this order because it does not comply with the procedural requirements set forth in the Magistrate's Act. Although both parties agree that the magistrate judge's order does not comply with the Magistrate's Act, Appellee has filed a motion to dismiss for lack of

subject matter jurisdiction. Because the order is not a final judgment and we lack jurisdiction, we GRANT Appellee's motion to dismiss.

The district court referred this case to the magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b). When a district court refers a case to a magistrate judge under § 636(b), the magistrate judge is permitted "to conduct hearings, including evidentiary hearing, and to submit to a judge of the court proposed findings of fact and recommendations." § 636(b)(1)(B). Once the magistrate judge files proposed findings and recommendations, parties have "fourteen days . . . [to] file written objections to such proposed findings and recommendations" to the district court. § 636(b)(1)(C).

The magistrate judge in this case conducted an evidentiary hearing and entered an order granting the petition and committed Defendant to the custody of the United States Attorney General. The parties do not dispute that the magistrate judge did not submit proposed findings and recommendations to the district court, in violation of § 636(b)(1)(B). A magistrate judge is only able to enter judgment if both parties consent. 28 U.S.C. § 636(c)(1)(C). The district court did not refer this case to the magistrate judge pursuant to § 636(b)(1)(C) and it is undisputed that neither party consented to the magistrate at any time thereafter.

Under our precedent, "it is well established that a magistrate judge's order is not 'final' within the meaning of § 1291 and may not be appealed to this court directly." *Donaldson v. Ducote*, 373 F.3d 622, 624 (5th Cir. 2004); *see also Barber v. Shinseki*, 660 F.3d 877, 878–79 (5th Cir. 2011). However, "Congress has created a limited exception to this rule": § 636(c), under which a district court, with the consent of the parties, may authorize a magistrate judge to enter final judgment in a case and such judgment is appealable to the circuit court directly. *Id.* "Because this process requires the parties to waive

their constitutional rights to an Article III judge, we have held that a case does not fall within the jurisdictional ambit of § 636(c) unless the parties' consent to proceed before a magistrate judge is clear and unambiguous." *Id.* As stated above, it is undisputed that the parties did not consent to magistrate jurisdiction. Therefore, this case does not fall under § 636(c) and the magistrate judge's order is not a final judgment that can be appealed to this court. The district court is the proper court with which to file objections. *See* § 636(b)(1)(C).

Because we lack jurisdiction, the motion to dismiss the appeal is GRANTED. Appellee's alternative motion for extension of time to file a brief is DENIED as unnecessary.