**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 14-3141

_____

CERTAIN UNDERWRITERS OF LLOYDS OF LONDON
SUBSCRIBING TO POLICY NO. CPS200601660

v.

JOHNNY LE d/b/a NAILS TIME,
Appellant

_____

On Appeal from the District Court of the Virgin Islands
(St. Croix Division)
(Civ. No. 1-13-cv-00040)
District Judge: Hon. Curtis V. Gomez

_____

Argued: May 18, 2015

Before: McKEE, Chief Judge, SMITH and
SCIRICA, Circuit Judges.

(Opinion filed:  October 19, 2015)

LEE J. ROHN, ESQ.
RHEA R. LAWRENCE, ESQ (Argued)
Law Offices of Rohn and Carpenter, LLC
1101 King Street
Christiansted, St. Croix
U.S. Virgin Islands 00820-4833
*Attorneys for Appellant*

GARRY E. GARTEN, ESQ. (Argued)
Law Office of Garry Garten, Esq.
8168 Crown Bay Marina, Ste. 505-335
St. Thomas, USVI 0080205819
*Attorney for Appellee*

---

OPINION[*]

---

McKEE, Chief Judge.

John Phouc-Le, aka Johnny Le, appeals a number of rulings of the district court. For the reasons that follow we find that, although Le's appeal was timely and we have jurisdiction, the appeal is moot and will therefore be dismissed.

## I. DISCUSSION

On June 30, 2014, the Clerk of this Court entered an Order advising Le that the case had been listed for possible dismissal due to jurisdictional defect. That Order provided that Le's notice of appeal was untimely and requested written responses from both parties. The parties filed timely responses, and on October 20, 2014, a motions panel of this Court entered an Order stating that the jurisdictional issue was referred to the merits panel and directed the parties to address the jurisdictional issue in their briefs. Both parties complied.

### A. Jurisdiction.

We have jurisdiction because Le's notice of appeal was timely. Although it was filed 180 days after the December 27, Order, the district court failed to enter a "separate document" on the docket as required by Fed. R. Civ. P. 58(a).

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

2

The timely filing of a notice of appeal in a civil case is a jurisdictional requirement. *Bowles v. Russell*, 551 U.S. 205, 214 (2007); *see also* 28 U.S.C. § 1291. A proper notice of appeal must be filed in accordance with Rule 4. *See* Fed. R. App. P. 3(a)(1). Under Fed. R. App. P. 4(a)(1)(A), notices of appeal must generally be filed "within 30 days after entry of the judgment or order appealed from." Under Fed. R. Civ. P. 58(a), "[e]very judgment and amended judgment must be set out in a separate judgment" with certain exceptions not relevant here. Thus, "a separate document [is] required . . . to have a proper Rule 58 judgment." *Perry v. Sheet Metal Workers' Local No. 73 Pension Fund*, 585 F.3d 358, 361 (7th Cir. 2009).

"[I]f Federal Rule of Civil Procedure 58(a) requires a separate document," the judgment is considered entered "when the judgment or order is entered in the civil docket under Federal Rule of Civil Procedure 79(a) and when the earlier of these events occurs: [1] the judgment or order is set forth on a separate document, or [2] 150 days have run from entry of the judgment or order in the civil docket under Federal Rule of Civil Procedure 79(a)." Fed. R. App. P. 4(a)(7)(A)(ii). "Thus, if a certain order is subject to the separate-document requirement of Federal Rule of Civil Procedure 58 and no separate document exists, an appellant has 180 days to file a notice of appeal – 150 days for the judgment to be considered 'entered,' plus the usual 30 days from the entry of judgment." *Leboon v. Lancaster Jewish Cmty. Ctr. Ass'n*, 503 F.3d 217, 223 (3d Cir. 2007).

"[A]n order is treated as a separate document if it: (1) is self-contained and separate from the opinion, (2) notes the relief granted, and (3) omits (or at least substantially omits) the trial court's reason for disposing of the claims." *Id*. (citation

3

omitted). In *Barber v. Shinseki*, 660 F.3d 877, 878 (5th Cir. 2011), the Fifth Circuit held

that an electronic document is sufficient to qualify as a "separate document" under Rule

58. However, the Fifth Circuit emphasized that a district court "has an obligation to issue

an order as a separate, freestanding document, and not just as a docket entry, when it

disposes of a case." *Id.* at 879. An electronic order simply entered on the docket sheet

does not meet this requirement. *Id.*

The district court entered the following Order on the docket on December 27,

2013:

> ORDER (CVG) The motion for summary judgment 24 is
> GRANTED as against Johnny Le d/b/a/ Nails Time. The
> Court will issue a memorandum opinion in the coming weeks
> outlining the reason for this ruling. (This is a TEXT ENTRY
> ONLY. There is no .pdf attachment associated with this
> entry.) (JNH) (Entered: 12/27/2103)[1]

This entry does not satisfy the "separate document" requirement under Rule 58(a). The

Order was entered electronically as a "TEXT ENTRY ONLY" and there was "no .pdf

attachment" associated with it. It was a separate entry on the docket sheet, but it was not

a "separate document" as required by Rule 58(a). Because a separate document was

never filed, the judgment is treated as entered 150 days after its entry and the time to file

a notice of appeal started to run then. Accordingly, Le had 180 days to file an appeal

---

[1] The Court understands that "[o]rdinarily, an order which terminates fewer than all claims, or claims against fewer than all parties, does not constitute a 'final' order for purposes of appeal under 28 U.S.C. § 1291." *Berckeley Inv. Grp., Ltd. v. Colkitt*, 259 F.3d 135, 140 (3d Cir. 2001) (citation omitted). But notes that the district court is permitted "to enter partial final judgments of less than all claims" under Fed. R. Civ. P. 54(b), and that such judgments are appealable. *Id.*; *see also Cold Metal Process Co. v. United Eng'g & Foundry Co.*, 351 U.S. 445, 452 (1956).

4

from the district court's December 27, 2013, Order granting Lloyds summary judgment motion. Le filed his Notice of Appeal on June 25, 2014, 180 days after the December 27, 2013, Order. As such, Le's appeal was timely and we have jurisdiction over it.

**B. Mootness.**

Le's appeal of the district court's December 27, 2013, Order is moot because on June 25, 2014 there was no longer any case or controversy between the parties. "It is a basic principle of Article III that a justiciable case or controversy must remain extant at all stages of review, not merely at the time the complaint is filed." *United States v. Juvenile Male*, 131 S. Ct. 2860, 2864 (2011) (citation and internal quotation marks omitted). "The burden is on the party claiming declaratory judgment jurisdiction to establish that such jurisdiction existed at the time the claim for declaratory relief was filed and that it has continued since." *Benitec Australia, Ltd. v. Nucleonics, Inc.*, 495 F.3d 1340, 1344 (Fed. Cir. 2007) (citations omitted).

Lloyds filed its declaratory judgment action on April 18, 2013. At that time the controversy was still extant. On October 9, 2013, Le consented to a Consent Judgment being entered against him in the amount of $1 million plus costs in favor of Kitnurse in the *Kitnurse* case. A Consent Judgment is not valid until a joint stipulation or motion is made with the court and then accepted and entered by that court after the court's assessment of whether it was carefully negotiated at arms-length and is reasonable. *See Local No. 93, Intl'l Ass'n of Firefighters, AFL-CIO, C.L.C. v. City of Cleveland*, 478 U.S. 501, 522 (1986). The judge in the *Kitnurse* case did not conduct a hearing regarding the Consent Judgment, but refused to enter it without a joint stipulation. A joint stipulation

5

by the parties was executed on May 7, 2014. Pursuant to the joint stipulation, the following electronic entry was made on the docket in the *Kitnurse* case:

> ORDER (WAL) dated 5/21/2014. THIS MATTER comes before the Court on a [83] "Stipulation For Court to Enter Consent Judgment," which was filed on May 7, 2014. UPON CONSIDERATION of that Stipulation, and it appearing that the parties' proposed Consent Judgment represents the agreement of the parties, it is hereby ORDERED that the Stipulation is ACCEPTED and Judgment is entered for Plaintiff as set forth in the Stipulation. (This is a TEXT ENTRY ONLY. There is no .pdf document associated with this entry.) AJG

After the entry of the Consent Judgment on May 21, 2014, there was no longer any "case" or "controversy" between Lloyds and Le. The Consent Judgment terminated any liability and responsibility Lloyds may have had to Le in the *Kitnurse* case. Le filed his appeal on June 15, 2014—after the entry of the Consent Judgment. At that point there was no longer any case or controversy between Lloyds and Le and there is none now. Thus, Le's appeal is moot and must be dismissed.

## II. CONCLUSION

For the above reasons, this appeal will be dismissed as moot.