# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-40885

United States Court of Appeals
Fifth Circuit

**FILED**
February 19, 2019

Lyle W. Cayce
Clerk

WILLIAM J. WELLS,

> Plaintiff–Appellant,

v.

BRYAN COLLIER, EXECUTIVE DIRECTOR, TEXAS DEPARTMENT OF
CRIMINAL JUSTICE; KEVIN WHEAT; GREGORY VAUGHN,

> Defendants–Appellees.

Appeals from the United States District Court
for the Eastern District of Texas
USDC No. 9:17-CV-80

Before SMITH, HAYNES, and WILLETT, Circuit Judges.

PER CURIAM:[*]

This court must examine the basis of its jurisdiction on its own motion if necessary. *Hill v. City of Seven Points*, 230 F.3d 167, 169 (5th Cir. 2000). In this civil rights case, the plaintiff moved for joinder of claims and a preliminary injunction. The district court referred the motions to the magistrate judge, who denied them. The plaintiff filed a notice of appeal from that order. Appellate

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-40885

courts do not have authority to review orders of a magistrate judge directly unless the parties have consented to have the magistrate judge preside over the case and enter judgment. *See Barber v. Shinseki*, 660 F.3d 877, 878–79 (5th Cir. 2011) (per curiam). Lacking consent, the magistrate judge's rulings are reviewable only by appeal to the district court. *Colburn v. Bunge Towing, Inc.*, 883 F.2d 372, 379 (5th Cir. 1989); *see also* 28 U.S.C. § 636(b)(1)(A). Here, the parties did not consent to have the magistrate judge preside over the case. We thus lack jurisdiction over this appeal.

Plaintiff also filed a notice of appeal from the district court's denial of class certification. A party wishing to appeal a denial of class certification must petition this court for leave to do so. Fed. R. Civ. P. 23(f). We pretermit whether Wells complied with that requirement because we deny relief on other grounds. This court has wide discretion to permit an appeal from an order denying class certification. *See Microsoft Corp. v. Baker*, —— U.S. ——, 137 S. Ct. 1702, 1709 (2017). Wells has not made a showing that we should exercise that discretion. He says that the one missing element for class action certification, adequacy of representation, could have been remedied if the district court granted his motion to appoint counsel. But the standard for appointment of counsel is separate, and that decision was not appealed. *See Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982) (listing factors to consider on appointment-of-counsel motion). And this court has denied permission to appeal in a similar situation. *Hernandez v. Abbott*, 733 F. App'x 212, 213 (5th Cir. 2018) (denying permission to appeal class certification decision where district court also denied motion to appoint counsel and pro se plaintiff met all other elements).

We DISMISS plaintiff's notice of appeal from magistrate judge orders, DENY permission to appeal denial of class certification, and DENY his motion to appoint counsel in this court.

No. 18-40885

HAYNES, Circuit Judge, dissenting in part:

I concur in the order of this court, except that I would conclude that Wells, given the liberal construction of pro se filings, has applied for permission to appeal the denial of class certification, and I would grant that permission.