# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-40641
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
April 18, 2019

Lyle W. Cayce
Clerk

CRYSTAL HORNER; ALYSHA HORNER,

      Plaintiffs - Appellants

v.

CITY OF HIGHLAND VILLAGE; CITY OF HIGHLAND VILLAGE POLICE
DEPARTMENT; DOUGLAS RIEM, Chief of Police; CORY GULLO, Officer,

      Defendants - Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:17-CV-774

Before KING, SOUTHWICK, and ENGELHARDT, Circuit Judges.
PER CURIAM:*

      Plaintiffs-Appellants Crystal Horner and Alysha Horner, proceeding pro se, appeal the district court's dismissal of their claims against Defendants-Appellees. We AFFIRM.

      Crystal Horner, proceeding pro se, filed a complaint against the City of Highland Village, the City of Highland Village Police Department, Police Chief

---

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-40641

Douglas Reim, and Detective Cory Gullo, obscurely alleging that the defendants violated her and her daughter Alysha Horner's constitutional rights in connection with Alysha's arrest and subsequent incarceration in Oklahoma, and seeking compensatory damages in the amount of $2,500,000.00. At the direction of the court, Crystal Horner amended the complaint to add her daughter, Alysha Horner, as plaintiff. Defendants filed a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).

After fully considering and liberally construing the Horners' filings (including noncompliant filings), as well as drawing all reasonable inferences in favor of the pro se plaintiffs, the magistrate judge issued a fourteen-page order dismissing the Horners' claims with prejudice.[1] The district court dismissed Crystal Horner's claims for lack of Article III standing, reasoning that she failed to show that she suffered any concrete particularized injury because all of the factual allegations were related to the alleged harms against Alysha Horner (over the age of majority). Further, the court analyzed each of Alysha Horner's asserted claims, as well as her purportedly asserted claims, and dismissed each claim either for failure to state a claim or failure to assert a legally cognizable claim.[2]

---

[1] The parties voluntarily consented to proceed before a United States magistrate judge. 28 U.S.C. § 636(c)(1); *see also Barber v. Shinseki*, 660 F.3d 877, 878–79 (5th Cir. 2011) (per curiam) (Appellate courts do not have authority to review orders of a magistrate judge directly unless the parties have consented to have the magistrate judge preside over the case and enter judgment.).

[2] Although not facially apparent, liberally construing Plaintiffs' allegations, the district court identified Plaintiffs' claims as follows: (1) improper arrest of Alysha Horner; (2) malicious prosecution; (3) Fourth Amendment violation for improper impoundment of Alysha Horner's vehicle and confiscation of her cell phone by the Oklahoma City Police Department; (4) failure to provide adequate medical care while Alysha Horner was in the Oklahoma County Jail in violation of the Americans with Disabilities Act; (5) Eighth Amendment violation for excessive bail; (6) defamation of character; and (7) witness tampering.

No. 18-40641

This appeal followed. Although we afford liberal construction to filings by pro se litigants, the Horners' generally incoherent appellate brief does not comply with the standards of Fed. R. App. P. 28. *See Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995). Nevertheless, the Defendants addressed the arguments on appeal. We review de novo a district court's dismissal for failure to state a claim. *Wilson v. Birnberg*, 667 F.3d 591, 595 (5th Cir. 2012); *see also Joffroin v. Tufaro*, 606 F.3d 235, 238 (5th Cir. 2010) (de novo review for dismissal for lack of standing).

To the extent the Horners' arguments are not waived for inadequate briefing, *Mapes v. Bishop*, 541 F.3d 582, 584 (5th Cir. 2008), we find no error in the district court's decision to dismiss the Horners' claims. Accordingly, the judgment of the district court is AFFIRMED.

Further, Appellants' motion to disqualify Magistrate Judge Kimberly Candace Priest-Johnson, filed while this appeal was pending, is without merit and is DENIED.

3