# United States Court of Appeals
# for the Fifth Circuit

---

No. 22-60296
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
May 4, 2023

Lyle W. Cayce
Clerk

Kenneth Dwayne Harth, Sr.,

*Plaintiff—Appellant*,

*versus*

Mrs. Golliday, *Nurse*,

*Defendant—Appellee*.

---

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 4:20-CV-47

---

Before Jones, Haynes, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Kenneth Harth, Sr., proceeding pro se, appeals the dismissal of his case for failure to exhaust administrative remedies. We DISMISS the appeal for lack of jurisdiction; the case remains in the district court.

This court must examine the basis of its jurisdiction on its own motion, if necessary. *See Hill v. City of Seven Points*, 230 F.3d 167, 168–69

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-60296

(5th Cir. 2000). In this civil rights case, the plaintiff filed a notice of appeal from the magistrate judge's (purportedly final) order dismissing the case for failure to exhaust administrative remedies.

The district court referred this case to the magistrate judge under 28 U.S.C. § 636(c). To properly enter judgment under this provision, the magistrate judge needed the "consent of the parties." *Id.* That is, appellate courts do not have authority to review orders of a magistrate judge directly unless the parties have consented to having the magistrate judge preside over the case and enter judgment. *See Barber v. Shinseki*, 660 F.3d 877, 878–79 (5th Cir. 2011) (per curiam). Although Harth signed a consent form to this effect, the record is devoid of evidence that Golliday provided such. Nor is there any indication that the court made Golliday or counsel aware of the need for consent and her right to refuse it. *Cf. Roell v. Withrow*, 538 U.S. 580, 590 (2003). Given the lack of evidence of consent in the record,[1] the magistrate judge's rulings are reviewable only by objection to the district court. *Colburn v. Bunge Towing, Inc.*, 883 F.2d 372, 379 (5th Cir. 1989); *see also* 28 U.S.C. § 636(b)(1)(A). Because both parties did not consent to the magistrate judge's jurisdiction to enter final judgment, the order dismissing Harth's claims is not final, and we therefore lack jurisdiction over this appeal.

For the foregoing reasons, the appeal is DISMISSED for lack of jurisdiction. All pending motions are DENIED as moot.

_____

[1] The Local Uniform Civil Rules of the United States District Courts for the Northern and Southern Districts of Mississippi require the filing of a written consent form by all parties. *See* L.U.Civ.R. 73.

2